# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CARL A. WESCOTT,**

      **Plaintiff,**

v.                                                                Case No: 6:23-cv-2494-PGB-DCI

**WENDY PATRICIA RAMIREZ SING**
**and DOES 1 THROUGH 25,**

      **Defendants.**

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*. On December 29, 2023, Plaintiff, proceeding *pro se*, filed a Complaint against Defendant Wendy Sing and twenty-five unidentified parties. Doc. 1. The Complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Plaintiff alleges that he is a citizen of Arizona and that Defendant "is a newer citizen of Florida."[1] *Id.* at 7. Throughout the Complaint, Plaintiff alleges that while Defendant resides full-time in Honduras, Defendant lives in Kissimmee, Florida for one month out of the year. *Id.* at 2-4.

This Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339

---

[1] In support of Plaintiff's claim that Defendant is "a newer citizen of Florida" he appears to allege that this stems from Defendant starting a franchise in Pennsylvania. Doc. 1 at 7. It is unclear how any alleged business activity in Pennsylvania would render Defendant a citizen of Florida for jurisdictional purposes.

(11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). "Residence alone is not enough" to establish citizenship under 28 U.S.C. § 1332. *Travaglio*, 735 F.3d at 1269 (citation omitted).

Here, Plaintiff has failed to establish the existence of complete diversity because he has failed to allege any citizenship of any Defendant—neither the named Defendant nor the twenty-five unnamed parties. Plaintiff's allegations of diversity rest solely upon the named Defendant's alleged one-month residence in Florida—this alone is insufficient to establish citizenship. *See Travaglio*, 735 F.3d at 1269.

Additionally, the Court has concerns regarding whether Plaintiff has established that the Court has personal jurisdiction over Defendant, and whether this Court is the proper venue to adjudicate this dispute.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The determination of whether the exercise of personal jurisdiction over a nonresident defendant is

appropriate involves a two-part analysis. *See Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *see also Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989). First, the jurisdictional question under the state long-arm statute is considered. *See Cable/Home Communication Corp.*, 902 F.2d at 855; *see also Alexander Proudfoot Co.*, 877 F.2d at 919. Second, the next determination to be made is whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Unlike lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue are waivable defenses. *Lipofsky v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). However, a district court may consider personal jurisdiction or venue *sua sponte*, although it cannot dismiss an action *sua sponte* on these grounds without providing the parties an opportunity to present their views. *Id.* Accordingly, the Court will allow Plaintiff to show cause as to how this Court has personal jurisdiction over Defendant and as to how this Court is the appropriate venue for the adjudication of the dispute—both issues that the Court may consider in determining whether this case should proceed pursuant to 28 U.S.C. § 1915.

Accordingly, it is **ORDERED** that:

1. **on or before February 8, 2024**, Plaintiff shall show cause in writing explaining (1) how this Court has subject matter jurisdiction; (2) how this Court can establish personal jurisdiction over Defendant; and (3) how this Court is the appropriate venue for the adjudication of this dispute. The response must be supported by evidence, which may be in the form of an affidavit or declaration under penalty of perjury. *See, e.g.*,

*Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence);

2. Plaintiff's Motion Requesting Order for Service of Process (Doc. 6) will be **DENIED** without prejudice, as it is premature at this stage; and

3. **failure to respond by the date provided will result in a recommendation that this case be dismissed**.

**ORDERED** in Orlando, Florida on January 25, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties